A. Franklin Mahoney, J.
Petitioners, by article 78 review, seek an order annulling the determination of the Zoning Board of Appeals of the Town of North Greenbush, Bensselaer County, New York, which determination (1) denied petitioners’ application for a variance and (2) refused to interpret section 7.12 of the town’s Zoning Ordinance in a manner that would permit a nonconforming use without the need of a variance.
By Local Law No. 2 for the year 1970, the Town of North Greenbush adopted a zoning law that incorporated an official zoning map. Petitioners’ property consisting of Lots Nos. 275, 276 and 277 on the incorporated map was designated “ Besidence District Single Family BS ” and the zoning law required that each lot in such district consist of a minimum land area of 20,000 square feet with a minimum width of 100 feet at the set-back distance for each dwelling unit. Each of petitioners’ three lots is 50 feet in width at the required set-back distance and each encompasses an area of approximately 7,500 square feet. There is a dwelling unit on middle Lot No. 276 with a garage extending over onto Lot No. 275. Section 7.12 of the zoning law, entitled “ Existing Undersized Lots ”, so far as pertinent herein states: ‘ ‘ Any lot held in single and separate ownership at the time of adoption of this law whose area and/or width and/or depth are less than the specified minimum lot requirements * * may [emphasis supplied] be considered as complying with such minimum lot requirements, and no variance shall be required * * * provided that: (1) such lot does not adjoin other lot or lots held by the same owner, whose aggregate area is equal to .or greater than the minimum lot area required ’ ’.
It is petitioners’ contention that Lot No. 277 was an existing undersized lot at the time of the adoption of the zoning law and, as an exempted lot, no variance should be required for its use as the site for a mobile home. This conclusory contention is premised on the argument that the zoning law language that an undersized lot may be considered as complying if ‘ ‘ such lot does not adjoin other lot or lots held by the same owner, whose aggregate area is equal to or greater than the minimum lot area required for that district ’ ’ must be interpreted as meaning that *50 the adjoining lot area must be a vacant lot whose aggregate area is equal to or greater than the minimum required and thus capable of being joined with the lot sought to be exempted .so as to form one lot meeting the zoning law requirements. Since there is a dwelling unit on Lot No. 276, Lot No. 277 does not adjoin a “ vacant ” lot owned by the same owner and is, therefore, either entitled to a variance or to a declaration by the board that no variance is required. Any other interpretation, it is argued, leaves petitioners with a substandard pre-existing undersized lot which is useless.
This argument is defective in two respects.
First, it totally ignores the definition of the word ‘ ‘ lot ’ ’ contained in article II, section II of the North Greenbush Zoning Law. There, ‘ ‘ lot ” is defined as “ a parcel of land occupied or capable of being occupied by one building ’ ’. Therefore, if section 7.12 is read in a manner that employs the meaning of the word “ lot ”, as defined in the same law, it states, “ any lot held in single and separate ownership at the time of the adoption of this law * * may be considered as complying * * * provided that: (1) such lot does not adjoin other lot or lots [i.e., a parcel of land occupied or capable of being occupied by one building] held by the same owner ’ ’. Bead in this light and with due consideration given to the fact that Lot No. 276 is “ occupied by one building ’ ’, it is clear that the drafters of the zoning law did not intend, as petitioners insist, that an undersized existing lot would comply if it adjoined an existing vacant lot owned by the same owner.
Next, since Lot No. 276 adjoins Lot No. 277 and Lot No. 275 adjoins Lot No. 276 and each is 50 feet in width with an area of 7,500 square feet, it is clear that all three lots can be joined into an area with a width of 150 feet at the set-back line and encompass an area of about 22,500 square feet making, in all, one lot in full compliance with the requirements of the zoning law. Such a procedure is in furtherance of the comprehensive town plan for land use as required by section 273 of the Town Law. The court concurs with the finding of the Zoning Board of Appeals and with its conclusion that “ There is no compelling argument to create two nonconforming undersized lot situations where none exists at present. ”
The petition is dismissed.